# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41211

CHARLES ANTHONY CUEVA, II,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-417

Before HAYNES, HO, and DUNCAN, Circuit Judges.

PER CURIAM:*

Charles Anthony Cueva, II, was convicted by a jury of two counts of sexual assault of a child and one count of indecency with a child. He now appeals the district court's denial of his 28 U.S.C. § 2254(d) habeas petition. For the reasons set forth below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41211

Cueva was arrested in 2007 for allegedly sexually assaulting a minor, A.G.  After Cueva waived his *Miranda*[1] rights, Detective Arturo Gonzalez interviewed him about the allegations.  Cueva admitted on videotape that he had touched A.G. and had let her touch him, and that he had been sexually aroused by this activity, but he denied penetration.  He stated that he probably did it because he was molested as a child.  After the interview, Detective Gonzalez realized the video recorder had malfunctioned and Cueva's statements had not been recorded.  So Detective Gonzalez offered to write down Cueva's statement for him because Cueva could not spell well.  Cueva agreed.  After Detective Gonzalez was finished, Cueva read the statement and signed it.  The written statement included Cueva's admission that he had touched A.G. and had let her touch him, and that he had been sexually aroused.  He again denied penetration and explained that he had been molested as a child.

The State introduced the written statement at trial and Detective Gonzalez testified about Cueva's oral statements.  Cueva's trial counsel, Eric Perkins, had moved to suppress the written statement but withdrew the motion before the trial began.  At trial, he did not object to Detective Gonzalez's testimony about Cueva's oral statements.

After his conviction, Cueva filed a motion for a new trial, arguing, inter alia, that he received ineffective assistance of counsel related to the admission of his written statement. The state court denied his motion. On appeal, Cueva renewed his claims regarding admission of his written statement and raised for the first time that Perkins was ineffective for failing to object to Detective Gonzalez's testimony about Cueva's oral statements.  The state appellate court addressed this argument, concluded it was meritless, and otherwise affirmed the state trial court.   The Texas Court of Criminal Appeals refused

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 16-41211

discretionary review.  Cueva then filed a state application for habeas relief. The trial court denied the application, issuing findings of fact and conclusions of law, and the Texas Court of Criminal Appeals denied relief without a written order.  Cueva then filed an application for habeas relief under 28 U.S.C. § 2254 in the district court.  The district court denied relief, but a judge on this court granted a certificate of appealability on Cueva's claims of ineffective assistance of counsel for failing to challenge the admissibility of his written and oral statements.

We "review the district court's findings of fact for clear error and review its conclusions of law *de novo*, applying the same standard of review to the state court's decision as the district court." *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).  The district court applied the deferential standard under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, a federal court may grant habeas relief with respect to state court claims adjudicated on the merits only if the state court's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Cueva argues the district court erred in applying AEDPA deference to the state appellate court's ruling on his oral-statements claim because that

3

court refused to consider evidence first presented during the hearing on his motion for a new trial.[2]

Cueva's argument fails. AEDPA deference applies to any claim adjudicated on the merits. 28 U.S.C. § 2254(d). Here, the state court offered two substantive reasons why Perkins's conduct was reasonable under *Strickland*,[3] and Cueva does not argue that the state court rejected his oral-statements claim on procedural grounds. *See Harrington*, 562 U.S. at 103 (noting a different standard applies to claims rejected on procedural grounds). Additionally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Accordingly, Cueva's argument that AEDPA deference should not apply to the state court's rejection of his oral-statements claim is without merit.

Accordingly, we now evaluate the merits of his arguments through the filter of AEDPA deference. First, Cueva argues that Perkins was ineffective because he failed to investigate Cueva's background and therefore failed to discover evidence of "multiple psychological deficits" that rendered his written statement involuntary. He further alleges that because the statement was involuntary, Perkins's failure to pursue the motion to suppress was deficient. Applying *Strickland*, the state court of appeals disagreed with Cueva. The court concluded that Perkins's explanation that, after meeting with Cueva and

---

[2] Ordinarily, AEDPA review applies to the "last state court [decision] to decide a prisoner's federal claim." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). But when that decision lacks reasoning, the reviewing "federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . [and] presume that the unexplained decision adopted the same reasoning." *Id.* Here, the Texas Court of Criminal Appeals's decision provided no reasoning and the state appellate court's decision on Cueva's motion for a new trial was the last state court to consider his written-statement claim. Thus, the district court "looked through" to this decision.

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

his family, he saw no reason to investigate Cueva's mental state was reasonable. *Cueva v. State*, 339 S.W.3d 839, 847 (Tex. App.—Corpus Christi 2011, pet. ref'd). The court also found implausible expert testimony that Cueva's "emotional disturbance in combination with certain personality characteristics" led him to sign the written statement without fully reading or understanding it, thereby rendering it involuntary. *Id.* Thus, the court agreed that Perkins was not deficient for failing to investigate Cueva's mental health or for withdrawing the motion to suppress. *Id.*

To establish ineffective assistance of counsel, a defendant must show that counsel performed deficiently and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Under the second prong, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* This is a "highly deferential" standard. *Id.* at 689.

When combined with AEDPA review, the standard is "doubly" deferential. *Harrington*, 562 U.S. at 105 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). We do not undertake a *Strickland* analysis ourselves but instead ask only whether "the state court's application of the *Strickland* standard was unreasonable." *Id.* at 101. That is, we determine only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

The state court did not unreasonably apply *Strickland*. Perkins testified that neither Cueva nor his family informed him of any academic, intellectual, or emotional problems Cueva suffered. Cueva's claim that Perkins should have known of a mental health issue is undermined by (1) Cueva's testimony at trial regarding his work history and (2) Cueva's mother's testimony that Cueva

graduated from high school and was able to communicate effectively and supervise others at work.  Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691.  It is not unreasonable that the state court determined Perkins was not deficient for failing to investigate Cueva's background, given he had no indication Cueva allegedly suffered from a mental handicap. *Cf. Roberts v. Dretke*, 381 F.3d 491, 489–99 (5th Cir. 2004) (noting that counsel has a duty to investigate "when he has reason to believe that the defendant suffers from mental health problems").

Cueva claims Perkins should have pursued a motion to suppress Cueva's written statement because the statement was involuntary.  But because Cueva did not demonstrate that Perkins should have discovered a basis on which to conclude Cueva's statement was involuntary, his claim that Perkins was ineffective for failing to pursue a motion to suppress fails. *See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (noting that counsel has no duty to raise legally meritless arguments).  Thus, the state court reasonably concluded that Perkins was not deficient under *Strickland* for withdrawing the motion to suppress.

Second, Cueva argues the state court unreasonably applied *Strickland* by concluding Perkins was not deficient for failing to object to Detective Gonzalez's testimony about Cueva's oral statements.  At the hearing on Cueva's motion for a new trial, Perkins testified that after concluding Cueva's written statement was made voluntarily, he decided it would be more effective to "allow the jury to see how the police procedure had potentially damaged evidence in the case."  The state court accepted Perkins's proffered strategy as a reasonable explanation for his failure to object to Defendant Gonzalez's

No. 16-41211

testimony about Cueva's oral statements.[4] *Cueva,* 339 S.W.3d at 879.[5] Cueva argues this is an unreasonable application of *Strickland* because he believes Perkins's strategy was unsound and unpursued.

The state court did not unreasonably apply *Strickland* in this regard. Counsel has wide latitude in making tactical decisions, *Strickland,* 466 U.S. at 689, including formulating "a strategy that was reasonable at the time," *Harrington,* 562 U.S. at 107. The Supreme Court has previously held that it is a reasonable trial strategy for counsel "to try to cast pervasive suspicion of doubt [rather] than to strive to prove a certainty that exonerates." *Id.* at 109. Here, the state court determined it was a reasonable trial strategy "to challenge the credibility of the police and, by extension, the credibility of all those responsible for gathering and presenting evidence against [Cueva]." *Cueva,* 339 S.W.3d at 880–81. Moreover, "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland,* 466 U.S. at 689 (internal citation omitted). Thus, we cannot say that the state court unreasonably applied *Strickland* in concluding Perkins was not deficient for failing to object to Detective Gonzalez's testimony about Cueva's oral statements.

---

[4] Cueva argued Perkins was ineffective for failing to object to testimony about his oral statements because those statements were not recorded and were thus inadmissible. It is undisputed that the oral statements were not recorded and that in Texas, subject to certain exceptions, oral statements made during a custodial interrogation are inadmissible unless recorded. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(1).

[5] The state court also reasoned that the oral statements were cumulative of Cueva's written statement and that failure to object to cumulative evidence would not support an ineffective assistance of counsel claim. *Cueva,* 339 S.W.3d at 879. Because we conclude the state court did not unreasonably apply *Strickland* regarding its determination of Perkins's trial strategy, we do not reach its cumulative-evidence explanation. *See Premo v. Moore,* 562 U.S. 115, 124 (2011).

No. 16-41211

Cueva fails to show that the state court's ruling denying relief on his claims of ineffective assistance of counsel "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Thus, the district court did not err in denying Cueva relief under § 2254.[6]

The judgment of the district court is AFFIRMED.

---

[6] Because Cueva failed to show the state court erred in applying the deficiency prong of *Strickland*, we need not reach Cueva's arguments regarding the prejudice prong. *See Strickland*, 466 U.S. at 697.